# In the United States Court of Federal Claims

No. 17-97C

(Filed: March 24, 2017)

```
*********************************  *
                                  *
MOLINA HEALTHCARE OF              *
CALIFORNIA, INC., et al.,         *
                                  *
                   Plaintiffs,    *
                                  *
v.                                *
                                  *
THE UNITED STATES,                *
                                  *
                   Defendant.     *
                                  *
*********************************  *
```

Patient Protection and Affordable Care Act § 1342; Risk Corridors; Motion for Partial Summary Judgment; Request for Stay; Impact of Similar Cases Pending Appeal or Judgment; Briefing Schedule.

*Lawrence S. Sher*, with whom were *Kyle R. Bahr* and *Conor M. Shaffer*, Reed Smith LLP, Washington, D.C., for Plaintiffs.

*Charles E. Canter*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## PROCEDURAL ORDER

WHEELER, Judge.

On March 14, 2017, Plaintiffs, the Molina Healthcare companies, filed a motion for partial summary judgment seeking payments due from the United States under the Patient Protection and Affordable Care Act's risk corridor program. Pub. L. No. 111-148, 124 Stat. 119 (2010). According to Defendant, there are currently 23 active cases before this Court seeking payments under the risk corridor program. Two of these cases have been completed to final judgment, and one is on appeal in the U.S. Court of Appeals for the Federal Circuit. Land of Lincoln Mutual Health Ins. Co. v. United States, 129 Fed. Cl. 81 (2016) (ruling for the Government, appeal pending); Moda Health Plan, Inc. v. United States, 130 Fed. Cl. 436 (2017) (ruling for the plaintiff, appeal time expires on May 5, 2017).

Molina's motion for partial summary judgment relies heavily on this Court's decision in <u>Moda Health</u>.  The parties agree that all 23 of the risk corridor cases are based upon similar if not identical facts, and that they all present the same issues of law (albeit with different theories of recovery advanced in some cases).  The Government's response to Molina's motion is due on April 14, 2017.

After receiving Molina's summary judgment brief, the Court *sua sponte* scheduled a conference at the National Courts Building to be held on March 23, 2017.  The Court, in the interest of judicial efficiency, wanted to explore the possibility of expediting this case to conclusion without repeating arguments already addressed in <u>Moda Health</u>.  The Court expressed to the parties that it was not interested in receiving the same arguments previously ruled upon, and that time and effort could be saved by focusing only upon new arguments that the parties wished to present.  The Court did not want to see briefing in this case become essentially a motion for reconsideration of the <u>Moda Health</u> decision.

At the March 23, 2017 conference, Defendant's counsel urged the Court to invoke a stay of proceedings pending the Federal Circuit's review of <u>Land of Lincoln</u>, and potentially of <u>Moda Health</u> if the Government elects to appeal that decision.  In the alternative, due to the presence of a heavy workload in the other risk corridor cases, the Government requested an enlargement of time until May 5, 2017 to file its response to Molina's motion for partial summary judgment.  The Government rightly emphasized that appellate review in the Federal Circuit, and potentially in the U.S. Supreme Court, of <u>Land of Lincoln</u>, <u>Moda Health</u>, or any other appealed decisions from this Court, likely will resolve all of the risk corridor cases.  In response, Molina opposed a stay of proceedings, arguing that as a plaintiff in this Court it is entitled to pursue its claims to judgment, despite the pendency of any appeals in the Federal Circuit.  Molina reasons that, if it is willing to incur the necessary resources of going forward, the Court should not frustrate its efforts to obtain a judgment by entering a stay.  In addition, Molina asks that briefing in this case be limited only to new issues not addressed in <u>Moda Health</u>.  The Government opposed any limitation on the contents of its briefing, asserting that the Government is entitled to establish a record for any appeal.

Given Molina's opposition, the Court declines to issue a stay of proceedings in this case.  Molina, like all plaintiffs, is entitled to move forward with a claim properly filed in this Court.  The existence and status of other risk corridor cases should not impede Molina's ability to pursue relief.  Similarly, the existence and status of other risk corridor cases should not limit the Government's ability to oppose Molina's motion for partial summary judgment and create an appropriate record in this case.  Accordingly, the Court will not impose any limitations on the contents of briefs.  However, due to the Government's familiarity with the issues presented and the ample size of the legal staff devoted to these

cases, the Court will restrict the Government to a fourteen-day time extension to file its response.  The Government's response is due on or before April 28, 2017.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge